## STATE v. LEWIS.

Under Comp. Laws, § 7241, providing that "the indictment must contain * * * a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to eeable a person of common understanding to know what is intended," an information which charges that defendant did, "with force and arms and willfully, unlawfully, and burglariously, break and enter into" a certain store, "with intent then and there to take, steal, and carry away by fraud and stealth" certain goods, particula.ly described, with intent to deprive the owner thereof, is not insufficient in that it fails to charge that defendant "feloniously" committed the offense, or had a "burglarious and felonious" intent in so doing.

(Opinion filed April 3, 1900.)

Error to circuit court, Codington county. Hon. JULIAN BENNETT, Judge.

Thomas Lewis was convicted of burglary, and brings error. Affirmed.

*George W. Case*, for plaintiff in error.

*Melvin Grigsby*, Att'y Gen., and *C. X. Seward*, State's Atty., for the State.

CORSON, J. Upon an information filed in the circuit court of Codington county the plaintiff in error was tried and convicted of the crime of burglary in the third degree, and sentenced to the penitentiary for the term of two years. A motion in arrest of judgment was made upon the following grounds: "(1) That the information herein purports to charge the crime of burglary in the third degree, and that the said information does not set forth facts sufficient to constitute the crime of burglary as defined by the statutes of the State of South Dakota, in that the said information does not charge that the defend-

ant 'feloniously' committed the crime of burglary. (2) That the information does not charge the defendant with the intent to willfully, unlawfully, feloniously, or burglariously take, steal and carry away by fraud and stealth, any of the property of F. A. Warren or any other person." The information, omitting the formal parts, is as follows: "Does charge and present that * * * Thomas Lewis, late of said county, did, at and in said county of Codington and State of South Dakota, on the 29th day of January, A. D. 1898, with force and arms and willfully, unlawfully, and burglariously. break and enter into a harness shop and store of one F. A. Warren, in the city of Watertown, in said county and state, in which said shop and store, goods and merchandise, were then and there kept, with intent then and there to take, steal and carry away by fraud and stealth certain personal property and goods and merchandise of the said F. A. Warren, to-wit, two fur coats and a fur robe of the value of twenty dollars, with intent then and there to deprive said F. A. Warren thereof, against the peace and dignity of the State of South Dakota, and contrary to the form of the statute in such case made and provided." The plaintiff in error contends that the information is defective in not charging that the accused "burglariously and feloniously" broke and entered into the harness shop described, and with the "burglarious and felonious" intent then and there to commit the crime of burglary. The Penal Code of this state provides: "Every person who breaks and enters, in the day or in the night time, * * * any building or any part of any building * * * in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the third degree." Section 6741 Comp. Laws. It will be ob-

served that the offense consists in breaking and entering, in the day or night time, any building in which any property is kept, with intent to steal therein, or to commit any felony. The term "burglariously and feloniously" is not used in any part of our Code defining the crime of burglary. Mr. Wharton in his work on Criminal Pleading and Practice, states the general rule as follows: "Where a statute prescribes or implies the form of the indictment, it is usually sufficient to describe the offense in the words of the statute. * * * On the general principles of common-law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is." Whart. Cr. Pl. § 220. And this seems to be the rule upon which our Code of Criminal Procedure is based. The Code provides: "All forms of pleading in criminal actions, and rules by which the sufficiency of pleadings is to be determined, are those prescribed by this Code." Section 7239, Comp. Laws. It further provides: "The indictment must contain: * * * A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Section 7241. See, also, Section 7249. An examination of the information in this case shows that it fully complies with the requirements of the statute. It gives to the accused all the information necessary to enable him to make preparation for his defense, and in case of an acquittal, it contains all the facts necessary to enable him to plead the same in bar to any subsequent information or indict-.

ment, and the offense is charged with sufficient certainty to enable the court to pronounce the proper judgment. While the term ''burglarious and felonious'', essential in common-law indictments, might be very properly used in an indictment or information under our Code, its omission does not render the information insufficient. The judgment of the court below is affirmed.